UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| PATRICIA LANDRUM | : | CIVIL ACTION NO. 2:16-cv-674 |
| VERSUS | : | JUDGE TRIMBLE |
| ASPEN AMERICAN INS. CO. | : | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

Before the court is a Motion to Remand [doc. 9] filed by the plaintiff, Patricia Landrum. For the following reasons, **IT IS RECOMMENDED** that the motion be **GRANTED** as it pertains to the remand and **DENIED** as it pertains to an award of attorney fees due to the removal.

### I.
### SUMMARY OF THE CASE

This case was originally brought in state court against defendants Aspen American Insurance Company and Abnar, Inc., d/b/a McDonald's, on June 22, 2015. Doc. 1, p. 1. Landrum alleges that the defendants are liable for her injuries resulting from a slip-and-fall in the parking lot of one of their McDonald's locations because they failed to maintain a safe premises. Doc. 9, att. 2, p. 4. The defendants removed the case to this court on May 16, 2016. Doc. 1, p. 1.

Landrum filed this Motion for Remand on June 7, 2016, claiming removal was improper under the forum-defendant rule. Doc. 9, p. 1. Defendants have acknowledged applicability of the forum defendant rule and propriety of remand. Doc. 11, p. 1. The only issue to be decided is plaintiff's request for attorney fees.

## II.
### LAW AND ANALYSIS

Under 28 U.S.C. § 1447(c), "an order remanding the case may require payment of . . . attorney fees, incurred as a result of removal." In *Martin v. Franklin Capital Corporation*, the Supreme Court held that an award of attorney fees under § 1447(c) is discretionary because the statute uses the word 'may.' 126 S.Ct. 704, 709 (2005). In addition, the Court held that there is no presumption of favor or disfavor for awarding fees. *Id.* The standard the Court created states "awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award [fees] . . . only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 711. Therefore, the analysis turns to whether the defendants had an "objectively reasonable" basis for removing the case to this court.

The diversity jurisdiction of this court is unaffected by the forum-defendant rule in 28 U.S.C. § 1441(b). There is still diversity under 28 U.S.C. § 1332(a) because the suit is between citizens of different states and the amount in controversy may reasonably exceed $75,000. See *In re Shell Oil Co.*, 932 F.2d 1518, 1519 (5th Cir. 1991) ("Although the defendants were citizens of the forum state, the district court still had subject matter jurisdiction because complete diversity existed.") Additionally, this court stated in *Tipton v. Landon* that "[t]he forum defendant rule is procedural rather than jurisdictional; therefore, a failure to comply with the rule is a defect in removal procedure that is waived unless an objection is timely filed." 2016 WL 919539, *3 (W.D. La. Mar. 8, 2016). Therefore, the forum-defendant rule is procedural and does not affect the jurisdiction of the court. This court would keep the case if the objection had never been made or been made untimely.

Here, Landrum timely filed her objection and is entitled to remand based on the forum-defendant rule. However, this does not eliminate the defendants' basis for removing the case to this court as diversity jurisdiction still exists. The defendants thus established an objectively reasonable basis for removing the case to this court. Landrum's request for attorney fees should be denied.

### III.
### CONCLUSION

For these reasons, **IT IS RECOMMENDED** that the plaintiff's Motion to Remand [doc. 9] be **GRANTED** for the remand and **DENIED** for the attorney fees.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 8th day of August, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE